**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| In re Johnson D. Koola, ) <br> ) <br> Debtor, ) <br> _____ ) <br> ) <br> Johnson D. Koola, ) <br> ) <br> Appellant, ) <br> ) <br> v. ) <br> ) <br> U.S. Bank Trust, N.A. as Trustee for ) <br> LSF10 Master Participation Trust and ) <br> Fay Servicing, LLC, ) <br> ) <br> Appellees. ) <br> _____ ) | Civil Action No.: 2:21-2970-RMG <br><br><br> **ORDER AND OPINION** |

This matter is an appeal from the United States Bankruptcy Court for the District of South Carolina. Appellant Johnson D. Koola ("Appellant," "Debtor," or "Koola") appeals the Bankruptcy Court's Final Orders denying conformation of Debtor's amended plan and dismissing bankruptcy case with prejudice. (Dkt. No. 9). For the reasons stated below, the Court affirms the orders of the Bankruptcy Court and dismisses the appeal.

**I.     Background**

On March 2, 2021, Debtor voluntarily commenced a chapter 13 bankruptcy case. *In re Koola*, 21-00564-jw, (Bankr. D.S.C. filed March 2, 2021). The same day, Debtor filed a Chapter 13 Plan (the "Plan").

The Chapter 13 Trustee James M. Wyman ("Trustee") and appellee here U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust ("Creditor") filed objections to the Plan on March 22 and March 25, 2021 respectively.

Creditor filed a Proof of Claim on April 9, 2021 reflecting that it has a secured claim by virtue of a mortgage lien on the property located at 1587 Cambridge Lakes Drive, Mount Pleasant, SC 29464 (the "Property"). The Proof of Claim reflects that the total debt owed on the loan at the time of the bankruptcy fling was $ 193,923.42, prepetition arrearage existed in the amount of $116,851.75, and Debtor was due for the November 1, 2009 contractual payment at the time of filing. The ongoing monthly payment beginning April 1, 2021 was $851.35.

According to Debtor's Plan, the Property is his principal residence with a stated value substantially greater than Creditor's first mortgage lien.

In his Plan, Debtor attempted to value Creditor's claim by paying $400/month for 36 months and what is described as a "yet to be determined lump sum" within one year of confirmation of the Plan, which would result from the sale or refinancing of the Property, in an attempt to satisfy Creditor's claim.

Creditor objected to treatment of its claim on the basis that it is subject to the antimodificaiton provision of 11 U.S.C. § 1322(b)(2) as it holds a first mortgage lien on the Property that is Debtor's principal residence.

Debtor filed a Motion to Dismiss Creditor's Objection on May 11, 2021 in response to Creditor's Objection to Confirmation.

On June 3, 2021, the Bankruptcy Court held a hearing and denied confirmation of the Plan finding, *inter alia*, that pursuant to § 1322(b)(2), Debtor cannot modify Creditor's claim because Creditor holds a first mortgage on real property that is Debtor's primary residence.

On June 4, the Bankruptcy Court issued an Order and Notice of Consideration of Dismissal (the "June 4 Order") wherein it took judicial notice of the history of litigation with Creditor—a history which Debtor does not substantively dispute on appeal:

- In 2009, Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code, which resulted in Debtor receiving a bankruptcy discharge that year.

- On July 27, 2010, a predecessor-in-interest to the Mortgage Creditor filed a foreclosure action against Debtor ("State Foreclosure Action") in the Court of Common Pleas for Charleston County ("State Court"). As part of his answer to the foreclosure complaint, Debtor included counterclaims against the Mortgage Creditor.

- The State Foreclosure Action proceeded with the Mortgage Creditor filing a motion to dismiss Debtor's counterclaims. It appears the motion to dismiss was resolved when Debtor reopened his chapter 7 bankruptcy case in 2012 to amend his schedules to include the alleged claims against the Mortgage Creditor.

- On April 28, 2014, after significant litigation, the State Court in the State Foreclosure Action granted summary judgment in favor of the Mortgage Creditor as to Debtor's counterclaims.

- Thereafter, in May of 2014, Debtor filed a motion to reconsider the summary judgment order in the State Foreclosure Action, which the State Court denied.

- Debtor then appealed the State Court's summary judgment order to the South Carolina Court of Appeals.

- On February 17, 2016, the South Carolina Court of Appeals affirmed the State Court's summary judgment order. Thereafter, Debtor filed a petition for rehearing in the appeal, which the South Carolina Court of Appeals denied in April 2016.

- On May 20, 2016, Debtor filed a notice of removal of the State Foreclosure Action to the U.S. District Court for the District of South Carolina.

- In June 2016, the Mortgage Creditor filed a motion to remand the State Foreclosure Action back to State Court.

- In October 2016, the United States Magistrate entered a recommendation granting the Mortgage Creditor's motion to remand the State Foreclosure Action back to State Court, which the U.S District Court adopted as an order on December 28, 2016.

- Debtor then appealed the U.S. District Court's order granting the remand to the Fourth Circuit Court of Appeals.

- On June 6, 2017, the Fourth Circuit Court of Appeals upheld the order granting remand of the State Foreclosure Action. Debtor then appealed the Fourth Circuit's decision to the Supreme Court of the United States.

- On February 20, 2018, the Supreme Court of the United States denied certiorari to Debtor's appeal.

- Upon remand, the South Carolina Court of Appeals remitted the State Foreclosure Action back to the State Court on March 12, 2018.

- On March 20, 2018, Debtor filed his first pro se petition for relief under chapter 13 of the Bankruptcy Code, C/A No. 18-01373-jw ("First Chapter 13 Case"), staying the State Foreclosure Action.

- Extensive litigation occurred in the First Chapter 13 Case between the Mortgage Creditor and Debtor as Debtor objected to the proof of claim filed by the Mortgage Creditor.

- After multiple hearings, the Court entered an order overruling Debtor's objection to the Mortgage Creditor's claim on September 28, 2018.

- Thereafter, Debtor filed a motion for a new trial on the Court's order overruling his objection. After multiple hearings, the Court denied Debtor's motion for a new trial on January 15, 2019. In January and February 2019, the Court denied confirmation of the Debtor's proposed chapter 13 plan and dismissed Debtor's case.

- On February 20, 2019, Debtor appealed the Court's order overruling Debtor's objection to the Mortgage Creditor's claim, order denying Debtor's motion for new trial, order denying confirmation, and order dismissing case to the U.S. District Court.

- With the dismissal of the First Chapter 13 Case, the Mortgage Creditor attempted to resume the State Foreclosure Action in State Court in August 2019. Debtor then filed a second notice to remove the State Foreclosure Action to the U.S. District Court. The Mortgage Creditor filed another motion to remand the State Foreclosure Action back to State Court.

- On December 26, 2019, the U.S. District Court affirmed the Bankruptcy Court's orders in the First Chapter 13 Case. Debtor then appealed the U.S. District Court's order to the Fourth Circuit Court of Appeals.[1]

The June 4 Order denied confirmation of Debtor's Plan and permitted Debtor the opportunity to file an amended plan within ten days to cure the defects discussed at the June 3, 2021 confirmation hearing.

The June 4 Order further warned Debtor that upon failure of the Debtor to confirm the amended chapter 13 plan, the Bankruptcy Court would consider conversion or dismissal with prejudice as to all chapters of the Bankruptcy Code for a period of three years, pursuant to 11 U.S.C. § 1307(c), including subsections 1, 3, and 5.

An Order Denying Confirmation was entered on June 8, 2021, further specifying the basis for the Court's ruling.[2]

Debtor filed an Amended Plan on June 12, 2021. In Debtor's Amended Plan, Debtor states that the Property would be sold or Loan refinanced within three months of confirmation, with the proceeds of the sale or refinance being used to pay the amount of the total debt in Creditor's Proof of Claim. Debtor also proposes to make monthly payments to the Trustee, which would be paid to Creditor, in the amount of $400 during this three-month period ("Adequate Protection Payments"). The Amended Plan references Creditor's claim in both Section 3.2 providing for valuation of the

---

[1] The Fourth Circuit affirmed the District Court's December 26, 2019 decision on August 24, 2020. *Koola v. Ditech Fin. LLC*, 816 F. App'x 887 (4th Cir. 2020).

[2] Debtor appealed the June 4 Order to the District Court—an appeal this Court dismissed. *See In re Koola*, 2:21-cv-01843-RMG (Dkt. No. 14).

Claim and Section 8.1 in which nonstandard plan provisions are located. The Amended Plan does not provide for payments to the Trustee.

Creditor filed objections to the Amended Plan on July 1, 2021 on the basis that Debtor again attempted to modify the claim of Creditor in contravention of § 1322(b)(2). Creditor objected to the inclusion of language regarding valuation in Section 3.2, the amount of Adequate Protection Payments, and Debtor's intention to pay the amount listed in Creditor's Claim rather than the total debt due to Creditor at the time of payoff. Creditor also sought a date certain of October 29, 2021 by which Debtor must pay Creditor in full, rather than three months from an undetermined date of confirmation.

The Trustee filed an objection to the Amended Plan on July 1, 2021 on the basis that it did not meet all requirements of confirmation under 11 U.S.C. §§ 1322 and 1325. The Trustee objected to the provision in Part 8, Section V, relating to the Trustee fees as it was unnecessary pursuant to 28 U.S.C. § 586(e)(2) and contravenes the Bankruptcy Court's June 3, 2021 order denying motion for a hearing to determine trustee compensation.

Debtor filed a motion to dismiss creditor's objection to confirmation of Amended Plan on June 23, 2021 arguing that Creditor does not have a perfected security interest in the property and only has an unsecured claim.

Debtor filed a motion to dismiss the Trustee's objection to the Amended Plan on July 26, 2021.

On August 17, 2021, after holding a hearing on July 29, 2021 on Debtor's Amended Plan, the Bankruptcy Court denied confirmation of Debtor's Amended Plan (the "Order of Dismissal")

and entered judgment against Debtor. The Order of Dismissal dismissed the case with prejudice as to all chapters of the Bankruptcy Code for a period of three years.

On September 1, 2021, the Bankruptcy Court denied Debtor's motion for reconsideration.

This appeal ensued. (Dkt. No. 1 at 3) (challenging Order Denying Motion for Reconsideration, Entry in Judgment Index, Judgment, and Order of Dismissal with Prejudice, collectively the "Final Orders").

## II.     Legal Standard

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158; *see, e.g.*, *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010) (noting district court's "capacity as a bankruptcy appellate court"). The standard of review of a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2). Accordingly, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard. Fed. R. Bankr. P. 8013. A finding of fact is clearly erroneous when the entire record demonstrates convincingly to the reviewing court that "a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012). A bankruptcy court's conclusions of law are subject to *de novo* review. *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999); *In re K & L Lakeland, Inc.*, 128 F.3d 203, 206 (4th Cir. 1997).

## III.     Discussion

On appeal, Debtor raises the following substantive issues: (1) whether Creditor has standing to object to the Amended Plan, (Dkt. No. 9 at 1-8, 12-13); (2) whether the Bankruptcy Court erred in finding Section 3.2 of the Amended Plan was improper (*Id.* at 10-11); (3) whether

the Bankruptcy Court erred in finding that the Amended Plan was improper because it failed to include the total debt owed at the time of payment as opposed to only the expressed amount of the Creditor's claim at the time of filing (*Id.* at 11); (4) whether the Bankruptcy Court erred in finding Creditor had a secured interest in the Property (*Id.* at 15-16); and (5) whether the Bankruptcy Court correctly dismissed this action with prejudice under *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 156 (4th Cir. 2017).

As to points 1 and 4, the Court finds that the Bankruptcy Court accurately determined that Creditor holds a secured interest in the Property and has standing to object to the Amended Plan. As explained in detail in the Order of Dismissal, at heart, Debtor here is expressly attempting to relitigate issues previously decided in *Koola v. Ditech Fin. LLC*, 611 B.R. 251, 255 (D.S.C. 2019), *aff'd*, 816 F. App'x 887 (4th Cir. 2020)—issues which Debtor cannot relitigate based on the doctrine of *res judicata*. *See Voss v. Pudjak (In re Pudjak)*, 462 B.R. 560, 567 (Bankr. D.S.C. 2011) ("Res judicata, or claim preclusion, bars relitigation of claims that were or could have been raised in a prior proceeding between the same parties."). In *Koola*, this Court rejected Debtor's argument that "U.S. Bank . . . lack[s] standing to enforce the Mortgage and Note and therefore cannot object to his bankruptcy plan." 611 B.R. at 258; *Id.* at 259 ("[T]he Bankruptcy Court properly held that U.S. Bank is similarly permitted to enforce the mortgage based on the lost note provision contained in S.C. Code Ann. § 36-3-804."). *Koola* further held the Property was Debtor's principal residence, that Creditor held a first mortgage lien on the Property, and that Creditor's claim could not be modified under § 1322(b), which permits "modif[cation of] the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Considering *Koola*, the Bankruptcy Court correctly found

that Debtor was barred here by the doctrine of res judicata from relitigating whether Creditor had standing to object to the Plan or holds a secured interest in the Property. (Dkt. No. 3-1 at 99, 101-02); *see also Koola*, 611 B.R. at 260 ("[A]s the bankruptcy court properly explained, the Court should abstain under 11 U.S.C. § 305 as there is no longer a bankruptcy purpose in this case. . . . [T]he Court affirms the bankruptcy court's holding that it is in the interest of both the creditors and the debtor to have his state foreclosure defenses addressed by state courts[.]"). Simply put, the Order of Dismissal correctly found that Creditor had standing to challenge the Amended Plan and a secured interest in the Property.

Debtor's appeal is therefore denied on the above points.

Next, Debtor argues that the Bankruptcy Court wrongfully found that certain language contained in Section 3.2 of the Amended Plan was improper. Debtor argues that the "Court'[s] Order did not cite the underlying law which rendered 'inclusion of language regarding valuation in Section 3.2 of the Amended Plan improper.'" (Dkt. No. 9 at 10) (arguing that Debtor requested "valuation of a security in order to protect the homestead exemption").

In the Order of Dismissal, the Bankruptcy Court found that:

Debtor is proposing to either refinance the Loan or pay Creditor's claim by selling the Property. Inclusion of language regarding valuation in Section 3.2 of the Amended Plan, however, is improper. Debtor argues that this language is necessary to protect his homestead exemption. The Loan balance at the time of sale would not impermissibly affect Debtor's homestead exemption and including the language in Section 3.2 serves no purpose with respect to the stated intention in the Amended Plan to pay the Loan out of the proceeds of a potential sale or refinance.

Rather than paying the expressed amount of the Creditor's Claim at the time of its filing, any payoff to Creditor should include the amount of the total debt owed as of the date of payment as the proposed value of the Property exceeds the total debt set forth in the Claim. 11 U.S.C. § 506(b) provides that such oversecured creditors shall be allowed "interest on such claim, and any reasonable fees, costs or charges provided for under the agreement or State statute under which such claim arose."

> 11 U.S.C. § 506(b). The Amended Plan also does not provide adequate protection during the period by which the Debtor is attempting to sell the Property or refinance the Loan. The proposed Adequate Protection Payments are less than one-half of the ongoing payment amounts and there is no deadline by which the payoff would take place. Given these factors the Amended Plan cannot be confirmed as proposed.

(Dkt. No. 3-1 at 99-100).

The Court finds that the Bankruptcy Court correctly ruled that Debtor's request for a valuation in Section 3.2 was improper because it was little more than an "attempt . . . to impermissibl[y] modif[y]" the rights of Creditor's "secured claim[]" in violation of § 1322(b)(2). (*Id.*) ("[I]ncluding the language in Section 3.2 [regarding valuation] serves no purpose with respect to the stated intention in the Amended Plan to *pay the Loan out of the proceeds of a potential sale or refinance.*") (emphasis added). Further, given it is undisputed that the value of the Property ($245,000.00) exceeds the total debt set forth in the Claim ($193,923.42), the Bankruptcy Court correctly determined that Debtor's proposed language in Section 3.2 was not needed to protect Debtor's homestead exception. *See In re Lucas,* No. 21-00741-DD, 2021 WL 3195816, at *1 (Bankr. D.S.C. July 29, 2021) (noting that the homestead exemption, S.C. Code Ann. "[§]15-41-30(A)(1)(a) exempts from the estate '[t]he debtor's aggregate interest, not to exceed fifty thousand dollars in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence'"); *Id.* (also noting that the "dollar amounts in the exemption statute are adjusted in each even-numbered year, beginning July 1, 2008. The adjustments are published in the State Register, and the homestead exemption values are now $63,250.00 for one debtor").

11

Next, Debtor argues that because the Amended Plan "provided for full payment of the underlying debt determined under non-bankruptcy law, which is [S.C. Code Ann.] § 36-3-301," it was error for the Bankruptcy Court not to approve the Amended Plan. (Dkt. No. 11 at 11).

The Court finds that the Bankruptcy Court correctly held that, because "the proposed value of the Property exceeds the total debt forth in the Claim," the Amended Plan failed as it did not include the amount of total debt owed as of the date of the payment. (Dkt. No. 3-1 at 100). As the Bankruptcy Court observed, 11 U.S.C. § 506(b) provides that oversecured creditors shall be allowed "interest on such claim, and any reasonable fees, costs or charges provided for under the agreement or State statute under which such claim arose." (*Id.*); *see In re Goss*, 568 B.R. 525, 529 (Bankr. D.S.C. 2017) (noting that "11 U.S.C. § 506(b) . . . entitles secured creditors to accrue post-petition interest and reasonable attorney's fees as provided for in the note up to the value of the collateral"). Thus, as the Amended Plan failed to conform to § 506(b), the Bankruptcy Court was correct in finding that Debtor's Proposed Plan could not be approved.

Last, Debtor argues that the Court should "review" whether the Bankruptcy Court's dismissal of this case with prejudice conforms to the legal standard set forth in *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 156 (4th Cir. 2017). (Dkt. No. 9 at 16). Debtor does not articulate, however, how the Order of Dismissal runs afoul of *Jemsek*—assuming that case is applicable here. (*Id.*); (Dkt. No. 11 at 20).

The Court finds that the Order of Dismissal correctly determined that this case should be dismissed with prejudice. First, *Jemsek* is not on point. *Jemsek*—though a bankruptcy case—concerned the imposition of sanctions on a litigant and not dismissal under § 1307(c). *Id.* at 155 ("In a lengthy and strongly worded opinion, [the bankruptcy court] found that Blue Cross NC

[appellant] purposefully avoided informing the court and Jemsek [appellee] about the *Love* settlement and the May 31 injunction. 'As a result,' the bankruptcy court concluded, 'counterclaims worth potentially millions of dollars were lost, this litigation was delayed for more than two years, sizeable attorneys fees and costs were necessitated for [Blue Cross NC's] opponents and an inordinate amount of court time was needlessly consumed.' The bankruptcy court dismissed Blue Cross NC's claims with prejudice and ordered it to pay Jemsek a total of $1.29 million in attorneys' fees and costs."). Here, by contrast, the Bankruptcy Court dismissed Debtor's case with prejudice pursuant to subsections 1, 3, and 5 of 11 U.S.C. § 1307(c). § 1307(c) (permitting a court to dismiss a case for cause, after notice and a hearing, where (1) there is unreasonable delay by the debtor that is prejudicial to creditors, (3) debtor failed to file a plan timely under § 1321 or (5) a plan was denied confirmation under § 1325 and a right to amend was denied). As detailed above and in the Order of Dismissal, the Bankruptcy Court had ample reason to deny confirmation of the Amended Plan and dismiss this action with prejudice given Debtor's "arguments challenging the validity of Creditor's standing to enforce the mortgage and secured claim and related arguments are the same or substantively similar to the series of arguments that Debtor has asserted *since 2009* when he began litigating against the validity of the mortgage loan along with the Creditor and its prior assignees' ability to enforce it." (Dkt. No. 3-1 at 98-99) (emphasis added); *Id.* ("Over this twelve-year period, Debtor has litigated these issues through multiple state and federal courts. All issues regarding the validity of Creditor's mortgage claim . . . are substantively the same that he raised during his prior Chapter 13 case filed in 2018."); (Dkt. No. 10 at 21) (noting that, at the July 29, 2021 hearing, the Bankruptcy Court stated on the record that "the provisions in 1307, the dismissal, indicates, and in particularly [sic], but not exclusively, subsections I, which is delay,

13

and V, a denial of confirmation and a denial of right to amend, and for causes, generally, which relates to the circumstances of multiple filings, long delay, efforts to abuse the collection process, all play into the denial of confirmation, denial of amendment and the dismissal of the case with prejudice"); *see In re Kestell*, 99 F.3d 146, 148 (4th Cir. 1996) ("Reasons constituting 'cause' for dismissal include enumerated ones, such as unreasonable and prejudicial delay by the debtor or material default by the debtor . . . .").

## IV.     Conclusion

For the foregoing reasons, the Court **AFFIRMS** the Final Orders of the Bankruptcy Court and **DISMISSES** the instant appeal.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

March 3, 2022  
Charleston, South Carolina